71,460-04

MOTION DENIED
DATE: 4/15/15
BY: C

4-6-15

Abel Acosta-Clerk
P.O. Box 12308
Austin, TX 78711


RE: WR-71,460-04 Ex Parte Brown

Dear Mr. Acosta

   Can you please file my Motion for Discovery 3 present it to the Courts so they can put it on the docket 3 set it for a hearing.




Sincerely,

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 10 2015
Abel Acosta, Clerk

No. WR-71,460-04

| | | |
|---|---|---|
| Ex Parte | § | In the Court of |
| | § | |
| | § | |
| Robert Brown III | § | Criminal Appeals of Texas |

## MOTION FOR DISCOVERY, PRODUCTION

## AND INSPECTION OF EVIDENCE

To THE Honorable Judge of Said Court:

Now Comes Robert Brown III, Applicant in the above-entitled & numbered cause, under the authority of Article 39.14 C.C.P., & makes that his Motion for Discovery, Production & Inspection of Evidence & in support there of would respectfully show unto the Court as follows:

### I.

The Applicant moves this Court to order the District Attorney for Williamson County, & The Austin Police Department & the Custodian of School Records for Deer Park Middle School to produce & permit the inspection of & the copying & /or photographing of, by or on behalf of the Applicant the following designated items:

# STATEMENTS OF POLICE OFFICERS & WITNESSES

1. All handwritten & typed notes of the police officer who investigated & participated in any manner in this case. The reason I need this is because in the Findings of Facts Judge Mathews order states in #12 that "NO" student @ the victims school was the target of a Indecency of a Child investigation. However if you refer to my trial atty's (Russell Hunt Jr.) pre-trial notes it states the following:

   Austin Police Department - 5/20/04 Officer Michael Rhone Deer Park Middle School = Quentin & 3 boys Sexually assaulted @ school

So, as you can clearly see that the statement by Judge Mathews was false & not supported by the record because She was provided a copy of this pre-trial note. Then if you refer to the following testimony it will also back up my claim & why these reports are imperative to my Brady claim & false testimony claim. Because if you refer to (RR V-178) you'll see that Quentin's mom testifies to the following: That Quentin came home & said "Oh yeah, by the way Mom, I was molested @ school today." Then if you refer to the following testimony you'll see that he did make a accusation before. Refer to (RR VI-55)

   Hunt- Robert had a talk with you about good touches & bad touches & how important to go tell some adult & authority if somebody is touching you in a way that you didn't want to be touched. Do you remember that conversation?

Quentin - Yes

Hunt - Was that a result of this incident with the kid in school?

Quentin - Yes

Hunt - Robert took you to the hospital to have you checked out

Quentin - Yes

Hunt - Robert was "VERY" upset about the fact that this person had done this stuff to you?

Quentin - Yes

Then if you refer to (RR VI 40-41) you'll see the other questions that Hunt ask Quentin;

Hunt - Quentin do you know what he's talking about on that call?

Quentin - Yes

Hunt - What's he talking about?

Quentin - When Robert took me to the hospital to get a physical so they could press charges.

Hunt - Okay so he (Robert) did that for you

Quentin - Yes

As you can clearly see that is clearly not a conversation that you have with a child that had a fight with another child but a conversation that you have with a child who's been sexually touched. So, by this testimony you can clearly see that the alleged victim (Quentin) did make a sexual allegation against Garren Kuhn? Why the Court? the State is clearly trying to hide those reports? Why the Court just "SEALED" the Police Reports after 11 yrs of them not being "SEALED"

2. All statements made by any party or witness to this alleged offense, in the possession of or within the knowledge of the District Attorney or any of his agents, including any law enforcement agency, whether such statements were written or oral which might in any manner be material to either the guilt or innocence of the applicant. Statements from the following witnesses:

A.) Donita Bell   B.) Quentin Austin   C.) Shirley Williams
D.) Sgt Pete Hughey-WCSO   E.) Steve Shanks-WCSO
F.) Officer Patrick Cochran-Austin Police Department
G.) Officer Michael Rhone-APD   H.) Officer Keith Reynolds-APD
I.) Investigator Howell Williams-District Attorneys Office
J.) Vivian Lewis-Orion Treatment Center

## Disclosure of Impeaching Evidence

1.) Any & all records that the District Attorney or Law Enforcement Agency has that Quentin Monroe Austin Jr. made against Garren Kuhn regarding a assault by contact & being sexually touched by him. Including the statement that he made to the ~~Superintendent~~ Principal in Sept. 2003 @ Deer Park Middle School. The Custodian of School Records was subpoena on 8-9-06 to appear on 8-14-06 @ 9am however the D.A. never turned over those records. Plus the report from the Orion Treatment Center & the Emergency Room Report. All these records are vital to my case to prove a Brady Violation & false testimony by

Quentin Monroe Austin Jr. ; Donita Bell. Then if you refer to (RRⅣ-199-220) the investigating Sgt (Sgt Hughey) testifies to the following: That he arranged a recorded telephone call from Bell to Applicant. That Applicant didn't admit to sexual misconduct or impropriety with the complainant during the recorded conversation. That he went to the location of the complainants residence to look for evidence; "NO" physical evidence corroborating the complainant's accusation was recovered from the residence. That the complainant was nervous; uncomfortable during his interview @ the Children's Advocacy Center. That he "NEVER" obtained a arrest warrant for the Applicant upon the completion of his investigation. That he "NEVER" interviewed Shirley Williams during the course of his investigation or during the 2yrs prior to trial. When she was the child's grandmother; shared the same small 10x12 room with him; was in the room; awake during the alleged touching that was going on 4-5 days per week for 6 months @ 5 am. Then if you refer to (RR Ⅵ-22) the prosecutor ask Quentin the following questions: If Robert ever touched you on any other body part that made you feel uncomfortable? "NO" Did he ever ask you to touch him in anyway? "NO" Also did he ever say anything or threaten you not to say anything or make you not tell? "NO". So, all this testimony is clearly why I need all those reports; records to show a Brady Violation; prove the false testimony in accordance with Chabot 300 SW 3d 768 (2009); Ghahremani 332 SW 3d 470 (2011)

## II

Applicant's Pro Se Motion For Production of Documents, Records Necessary to Satisfy his burden of Proof In Post Conviction Habeas Corpus proceeding to be entitled to the relief requested under Art. 11.07 T.C.C.P (Vern. 2012), pursuant to Art. 1, Section 10, 13, 19 of the Texas Constitution, the 1st, 14th Amendments, U.S. Constitution, Art. 1.051, Art. 11.07 of the Texas Code of Criminal Procedure, files this Pro Se Motion for Production of Documents, Records Necessary to Satisfy his burden of proof in Post Conviction Habeas Corpus Proceeding to be entitled to the relief requested under Art. 11.07, T.C.C.P.

## PRAYER

Wherefore, Premises Considered the Applicant respectfully PRAYS this Honorable Court GRANTS ~~existing~~ this Discovery Motion. Applicant further PRAYS this Court GRANT all other relief not explicitly requested, yet may be entitled to as a matter of Law, equity

Respectfully Submitted

Applicant Pro Se

Date 4-6-15

# CERTIFICATE OF SERVICE

This is to certify that on April 6th, 2015, a copy of the foregoing was sent to the Court of Criminal Appeals P.O. Box 12308 Austin, Tx 78711 & to the D.A. Jana Duty 405 S. Martin Luther King Box 1 Georgetown, Tx 78627

4-6-15                                    Robert J L III

---

## NO. WR-71,460-04

| Ex Parte | § In the Court of |
|---|---|
| | § |
| Robert Brown III | § Criminal Appeals of Texas |

## HEARING

I respectfully request a hearing regarding this Motion for Discovery & request that this matter to be put on the Court Docket. The Court hereby GRANTS/DENIES a hearing on this motion

The hearing date will be _____

Signed this ____ day of ____, 2015

Presiding Judge